Avert, J.
This cause was tried at the September term, 1846, of the Supreme Court in Summit county, when a judgment was rendered for the plaintiff. Upon a writ of error prosecuted in behalf of the defendant, this judgment, at the December term following of the court in bank, was reversed, and the cause remanded to Summit county. It was *again tried before the Supreme Court in that county, at the September term, 1847, when a verdict was rendered in favor of the defendant. The plaintiff thereupon filed his motion for a new trial, and the motion was reserved for decision here. In the ease in error, above referred to, 15 Ohio, 585, the precise question was determined which arises in this case. But the counsel for the plaintiff desired that the question might be heard again in bank, and the court who tried the cause in the county, were disposed to give another opportunity to examine the subject here.
The question in the case arises under the act providing for the collection of claims against steamboats and other water-crafts. Swan’s Stat. 209. And the words of the act, touching the matter in hearing, are as follows: “That steamboats and other water-crafts, navigating the waters within or bordering upon this state, shall be liable for debts contracted on account thereof by the master, owner, steward, consignee, or other agent, for materials, supplies, or labor, in the building, repairing, furnishing, or equipping the same.” The facts of the ease may be found in 15 Ohio, *234 536, where it will be seen, that Standart, Griffith & Co., in 1840, contracted with the plaintiff, Treat, for two canal-boats, at 81,075 each. According to the contract, Standart, Griffith & Co. were to furnish from their hardware store whatever materials the plaintiff should want, and pay him 8500 on the delivery of the boats. The balance was to be paid as the boats should earn it, and tho plaintiff did not expect the whole of his pay that year. Materials from the hardware store were furnished as agreed, and the boats were delivered. But the contract price of the boats was not paid; and some two years after the delivery, a considerable balance being still due, tho present suit was brought
The water-craft, it is in this statute provided, shall bo liable for debts contracted on account thereof, by the owner. Who, in the sense of this statute, is the owner, made liable for materials or labor in building the boats? The court, at the last term, answered, that Treat, the plaintiff, was the *owner, until he parted with his ownership, by delivering the boats over to Stand-art, Griffith & Co.; that for the timber and other materials furnished, and for the wages of tho workmen employed in building the boats, Treat was liable, and not Standart, Griffith & Co. It still appears, to a majority of the members of the court, who participate in the trial of this motion, that Treat was the owner of the boats while they continued in his possession, and that the former decision was right. The argument, furnished at this term for the plaintiff, admits that if a man build a boat for the market generally, and afterward finds a purchaser, he would not have a lien under this statute. Such a purchaser, we think, also, is clearly not an owner within the meaning of the statute. And the builder, in that case, would have no security, except in his contract of sale. Can it be said of the purchaser, either in that ease, or the one under consideration, that he is liable for the debts contracted on account of the boat, to the persons who furnished the timber and materials for the boat, or to tho persons who were hired by the boat-bitildor to aid in building it? We think that a suit could not bo successfully prosecuted against either of them. But we think that a suit for materials or labor would lie against the builder, and that it could clearly bo maintained, under this statute, against the boat in whatever hands she might be found. Upon this last point, neither the language nor meaning can admit of any doubt. Now, under the construction claimed by the plaint *235 iff, this right might be defeated, if the sale, under the builder’s suit, passes the title of the boat, and it may be a much larger interest than that of the builder. The bulk of the materials may have been furnished, and the principal part of the labor performed, by others; and still this contractor, under the name of builder, after he has delivered over the boat, is to enforce his lien for the whole of the contract price, to sell the boat and receive himself the money, leaving others, whose claims, perhaps, are much larger, with no resort but to his personal responsibility. This lien of the builder, if it exists at all, *is for the whole cost of the boat, or rather for the price which has been fixed in the contract, and not for the proportion which he, as distinct from others, actually contributed toward building the boat. Now, as between the claimants, he who seeks, as in this case, to engross the whole security, did not need, in the same sen'se as did the others, that a specific lien should be given to him by statute; for he could provide by the terms of his contract,- or, having the identical security already in his possession, he could retain it till his claim should be made otherwise secure. There are, nevertheless, reasons, and not without considerable weight, for extending the paling of this law to builders, who may be supposed always anxious to obtain employment in their trade. But these reasons must be addressed to the legislature, who can limit and shape the relief as circumstances may require. The claim set up by this plaintiff is one, as wo believe, not embraced within the meaning of the law under consideration, and therefore his suit can not be maintained.
Motion for a new trial is overruled.
Hitchcock, J., having been counsel for one of the parties, did not sit i'n the case.